UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RAYMOND LEMOND HARPER, | |
| Petitioner, | |
| v. | CAUSE NO.: 3:21-CV-947-JD-MGG |
| SHERIFF, | |
| Respondent. | |

OPINION AND ORDER

Raymond Lemond Harper, a prisoner without a lawyer, filed an amended habeas petition under 28 U.S.C. § 2254. (ECF 8.) Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

Mr. Harper is a pretrial detainee at the St. Joseph County Jail. It can be discerned from the petition and attachments, as well as public records, that he has a complicated criminal history.[1] In 2011, he was convicted of dealing in narcotics in Marion County and sentenced to 18 years in prison. *State v. Harper*, No. 49G20-1105-FA-031723 (Marion Sup. Ct. May 10, 2011). At the time of the offense, he had been serving a term of

---

[1] Mr. Harper submitted various attachments with his original petition that he did not include with his amended petition. (*See* ECF 1-1.) He references them several times in his amended petition, and he appears to believe the court would consider them in connection with this filing. In the interest of justice, the court will consider these documents as if they had been properly attached to the amended petition. The court notes additionally that it may take judicial notice of public records in ruling on the petition. *See* FED. R. EVID. 201.

probation for a 2008 theft conviction in St. Joseph County. *State v. Harper*, No. 71D02-0802-FD-000130 (St. Joseph Sup. Ct. filed Feb. 12, 2008). Based on this new offense, the judge in the theft case imposed an additional 12-month prison sentence to be served consecutively to the sentence for the narcotics offense. (ECF 1-1 at 7.)

After serving several years in prison, he was released in December 2019 to serve a term of parole for the narcotics offense and an additional term of probation for the theft offense. (ECF 1-1 at 2.) A few weeks after his release, a warrant was issued alleging that he had violated the terms of his parole for the narcotics offense by failing to report to the parole office. (ECF 1-1 at 3-4.) The warrant was not executed until September 2020, however, when he was arrested on a new charge of domestic battery. *State v. Harper*, No. 71D05-2009-CM-002790 (St. Joseph Sup. Ct. filed Sept. 24, 2020). That charge remains pending, and a trial is currently scheduled for March 31, 2022. *Id.* Mr. Harper is also being held for a potential parole violation depending on the outcome of the domestic battery charge.[2] (ECF 1-1 at 4-5.)

Giving the petition liberal construction, Mr. Harper raises the following claims: (1) he should be released from custody given the length of time he has been held; (2) his parole officer miscalculated his credit time, such that he should not have been on parole at the time of the domestic battery charge; (3) he hasn't been given a proper hearing on the parole revocation charge as required by state law; (4) the prosecutor is biased

---

[2] An attachment reflects that during the time Mr. Harper's whereabouts were unknown (roughly December 2019 to September 2020), his parole term was "stopped" and he did not receive credit for this period. (ECF 1-1 at 3-4.)

against him and will not give him a fair trial; and (5) he has received ineffective assistance from his attorney. (ECF 8 at 2-4.) He acknowledges that he has not presented any of these claims to the Indiana Supreme Court. (*Id.*)

Although Mr. Harper filed his petition under 28 U.S.C. § 2254, "[t]he appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241." *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015). Assuming Mr. Harper had used the proper procedural vehicle, a federal court generally must "abstain from interfering with pending state proceedings to enforce a state's criminal laws[.]" *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). The only recognized exceptions to this rule are speedy trial claims and double jeopardy claims. *Id*.

The exact legal basis of Mr. Harper's claims is somewhat unclear, but claims two and three appear to be based on state law and as such are not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). His claims of prosecutorial misconduct and ineffective assistance of counsel, though cognizable, cannot be raised in advance of trial. *Sweeney*, 612 F.3d at 573.

Claim one could be read generously to assert a speedy trial claim, but it is evident from the petition that Mr. Harper did not present this claim to the Indiana Supreme Court. (ECF 8 at 2.) Exhaustion of state court remedies is not a statutory requirement for habeas petitions filed under 28 U.S.C. § 2241, but "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296–97 (7th

3

Cir. 1991). To exhaust, a habeas petitioner must "assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." In Indiana, speedy trial claims can be raised in an interlocutory appeal prior to trial.[3] *See, e.g., Curtis v. State*, 948 N.E.2d 1143, 1147-48 (Ind. 2011). It is apparent from the petition, however, that Mr. Harper has not availed himself of this remedy. Indeed, it does not appear that he ever demanded a speedy trial in the trial court. *See Harper*, No. 71D05-2009-CM-002790. He thus has not presented his speedy trial claim in one complete round of state review.

Assuming for the sake of argument that he could overcome the exhaustion barrier, he has not demonstrated an entitlement to federal habeas relief. Under the Sixth Amendment, "[t]he speedy-trial right is amorphous, slippery, and necessarily relative. It is consistent with delays and dependent upon circumstances." *Vermont v. Brillon*, 556 U.S. 81, 89–90 (2009) (citations and internal quotation marks omitted). The Supreme Court has expressly "refused to quantify the right into a specified number of days or

---

[3] To the extent he is complaining about the parole revocation proceeding, he has a state court remedy available to challenge that as well. *See e.g., Harrison v. Knight*, 127 N.E.3d 1269, 1271 (Ind. Ct. App. 2019) (addressing habeas petition filed by pretrial detainee "being held in Hendricks County for alleged parole violations, the disposition of which depends upon resolution of pending . . . criminal charges in Madison County").

months or to hinge the right on a defendant's explicit request for a speedy trial."[4] *Id.* (citations and internal quotation marks omitted). Instead, the Court adopted "a balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Id.* at 90. Under the test, the court must consider whether any pretrial delay was "uncommonly long," whether the government or the defendant was the cause of the delay, whether the defendant asserted his right to a speedy trial, and whether he has suffered prejudice as a result of the delay. *Ashburn v. Korte*, 761 F.3d 741, 751-752 (7th Cir. 2014).

The criminal docket reflects that Mr. Harper first appeared in court on the domestic battery charge on September 28, 2020. *See Harper*, No. 71D05-2009-CM-002790. The public defender was appointed to represent him, and a bench trial was scheduled for December 10, 2020. *Id.* Mr. Harper subsequently demanded a jury trial, and the trial date was rescheduled to June 8, 2021, before a different judge. *Id.* At the pretrial conference held on May 26, 2021, defense counsel moved for a continuance of the trial date, and this request was granted. *Id.* The trial was rescheduled to September 29, 2021. *Id.* In mid-September 2021, the trial date was rescheduled to October 27, 2021, by agreement of the parties. *Id.* The trial did not proceed on that date, however, because on October 15, 2021, Mr. Harper filed a motion to dismiss his attorney and represent himself. *Id.* Following a hearing in December 2021, Mr. Harper's motion for self-

---

[4] It appears Mr. Harper may be relying on state law to support his speedy trial claim, as Indiana law quantifies the number of days in which a defendant must be brought to trial and permits him to seek dismissal of the charge if the deadline is not met. *See* IND. R. CRIM. P. 4. However, as stated above, a claim based on Indiana law is not cognizable on federal habeas review. *Estelle*, 502 U.S. at 68.

5

representation was granted. *Id.* At that hearing, Mr. Harper made an oral motion for another continuation of the trial date, which was granted. *Id.* A trial is currently scheduled for March 31, 2022. *Id.*

Although Mr. Harper has been in custody for more than a year, there is no indication from the state docket that he demanded a speedy trial. The docket further reflects that the trial was rescheduled several times at the request of the defense or by agreement of both sides. The case was also delayed when Mr. Harper sought permission to represent himself shortly before the scheduled trial date. The delays in the case have not been uncommonly long, particularly in light of the current public health pandemic.[5] Nor has he shown that his defense has been prejudiced or compromised by the delay. *See United States v. Hills*, 618 F.3d 619, 632 (7th Cir. 2010) ("[A] defendant who cannot demonstrate prejudice with specificity will not show a Sixth Amendment violation, no matter how long the delay."). Thus, even if he could overcome the exhaustion problem, he has not established an entitlement to federal habeas relief.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that

---

[5] Indiana courts, like those in other states, have experienced delays in holding jury trials because of the COVID-19 pandemic. *See Matter of Admin. Rule 17 Emergency Relief for Indiana Trial Cts. Relating to 2019 Novel Coronavirus (COVID-19)*, 141 N.E.3d 388 (Ind. 2020).

reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).

For the reasons explained above, Mr. Harper has used the wrong procedural vehicle to challenge his pretrial detention. Additionally, the only viable claim he advances—a denial of his Sixth Amendment speedy trial right—is unexhausted. Even if he could overcome the exhaustion barrier, his claim lacks merit under governing standards. The court finds no basis to conclude that reasonable jurists would debate the outcome of the petition or find a reason to encourage Mr. Harper to proceed further in federal court.

For these reasons, the petition (ECF 8) is DENIED, and the petitioner is DENIED a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED on February 28, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT